IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| Termain Cooper, | ) | Civil Action No. 8:18-2692-RMG |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | **ORDER AND OPINION** |
| Warden Aaron Joyner, | ) | |
| Respondent. | ) | |

Before the Court is the Report and Recommendation ("R & R") of the Magistrate Judge (Dkt. No. 36) recommending that the Court grant Respondent's motion for summary judgment. (Dkt. No. 28.) For the reasons set forth below, the Court adopts the R & R as the Order of the Court to dismiss the petition and grant Respondent's motion for summary judgment.

I. **Background**

Petitioner Termain Cooper is a prisoner at Lee Correctional Institution at the South Carolina Department of Corrections. He filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Dkt. No. 1.) Petitioner was found guilty by a jury trial of trafficking cocaine base. (Dkt. No. 27-1 at 128.) Petitioner was sentenced to thirty years of imprisonment. (*Id.* at 140.) Appellate counsel appealed petitioner's conviction to the South Carolina Court of Appeals on November 4, 2011.[1] Subsequently, petitioner filed a *pro se* brief appealing his conviction on February 2, 2012. (Dkt. No. 27-2 at 12–22.) On July 18, 2012, the South Carolina Court of Appeals

---

[1] Tristan M. Shaffer and Wanda H. Carter filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1976) on Petitioner's behalf in the South Carolina Court of Appeals on November 4, 2011. At the same time the *Anders* brief was filed, appellate counsel submitted a petition to be relieved as counsel. (Dkt. No. 27-2 at 1–8, 9–11.) The court granted counsel's motion to be relieved when it dismissed petitioner's appeal. (Dkt. No. 27-1 at 203–204.)

dismissed Petitioner's appeal. (Dkt. No. 27-1 at 203–204.) Petitioner filed a PCR Application on March 27, 2014. (Dkt. No. 27-1 at 143– 149.) The court denied the application and dismissed it with prejudice. (*Id.* at 192–198.) Petitioner appealed the dismissal and filed a writ of certiorari in the Supreme Court of South Carolina on July 26, 2016. (Dkt. No. 27-3.) The appeal was transferred to the South Carolina Court of Appeals and was denied on February 15, 2018. (Dkt. No. 27-5.) The court issued a remittitur on March 5, 2018. (Dkt. No. 27-6.) Petitioner filed a writ of habeas corpus on October 2, 2018. (Dkt. No. 1.) He presents one ground for relief that "trial counsel erred violating Petitioner Cooper's Sixth Amendment right to counsel." (*Id.*) Respondent filed a Motion for Summary Judgment on March 4, 2019 (Dkt. No. 28) and petitioner filed a response in opposition. (Dkt. No. 34.)

## II. **Legal Standard**

### A. **Review of R & R**

The Magistrate Judge makes a recommendation to the Court that has no presumptive weight and the responsibility to make a final determination remains with the Court. *See, e.g., Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where there are specific objections to the R & R, the Court "makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* In the absence of objections, the Court reviews the R & R to "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note; *see also Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983) ("In the absence of objection . . . we do not believe that it requires any explanation."). Petitioner did not file objections to the R & R and the Court conducts a review for clear error.

**B.     Motion for Summary Judgment**

Summary judgment is appropriate if a party "shows that there is no genuine dispute as to any material fact" and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In other words, summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987). "In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities in favor of the nonmoving party." *HealthSouth Rehab. Hosp. v. Am. Nat'l Red Cross*, 101 F.3d 1005, 1008 (4th Cir. 1996). The movant has the initial burden of demonstrating that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, to survive summary judgment the respondent must demonstrate that specific, material facts exist that give rise to a genuine issue. *Id.* at 324. Under this standard, "[c]onclusory or speculative allegations do not suffice, nor does a 'mere scintilla of evidence'" in support of the non-moving party's case. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002) (quoting *Phillips v. CSX Transp., Inc.*, 190 F.3d 285, 287 (4th Cir. 1999)).

**C.     Federal Habeas Relief Pursuant to 28 U.S.C. § 2254**

A state prisoner who challenges matters "adjudicated on the merits in State court" can obtain relief in federal court if he shows that the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). When reviewing a state court's application of federal law, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly

established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams v. Taylor*, 529 U.S. 362, 410 (2000). The state court's application is unreasonable if it is "objectively unreasonable, not merely wrong." *White v. Woodall*, 572 U.S. 415, 419 (2014). Meaning, the state court's ruling must be "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011).

The state court's determination is presumed correct and the petitioner bears the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). The state court's decision "must be granted a deference and latitude that are not in operation" when the case is considered on direct review. *Harrington*, 562 U.S. at 101. This is because habeas corpus in federal court exists only to "guard against extreme malfunctions in the state criminal justice systems." *Id.* at 102 (citation and internal quotation marks omitted). Accordingly, pursuant to 28 U.S.C. § 2254(d), a federal habeas court must (1) determine what arguments or theories supported or could have supported the state court's decision; and then (2) ask whether it is possible that fairminded jurists could disagree that those arguments or theories are inconsistent with the holding of a prior decision of the United States Supreme Court. *Harrington*, 562 U.S. at 102. "If this standard is difficult to meet, that is because it was meant to be." *Id.*

Before the petitioner may pursue federal habeas relief to this standard, he must first exhaust his state court remedies. 28 U.S.C. § 2254(b)(1)(A). Meaning, the petitioner "must present his claims to the state's highest court." *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997) (abrogated on other grounds by *United States v. Barnette*, 644 F.3d 192 (4th Cir. 2011)). This requires the petitioner to have "fairly present[ed] to the state court both the operative facts and the controlling legal principles associated with each claim." *Longworth v. Ozmint*, 377 F.3d 437, 448

(4th Cir. 2004) (internal quotation marks omitted). A federal habeas court should not review the merits of claims that would be found to be procedurally defaulted or barred under independent and adequate state procedural rules. *Lawrence v. Banker*, 517 F.3d 700, 714 (4th Cir. 2008). For a procedurally defaulted claim to be properly considered by the federal habeas court, the petitioner must "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

### III. Discussion

#### A. Motion for Summary Judgment (Dkt. No. 28)

After careful review of the R & R as well as the parties' arguments on summary judgment (Dkt. Nos. 27, 28, 34), the Court finds that the Magistrate Judge ably addressed the issues and correctly concluded that Respondent's motion for summary judgment should be granted.

The Magistrate Judge properly concluded that petitioner's claim was untimely filed. (Dkt. No. 36 at 15.) Pursuant to 28 U.S.C. § 2244(d)(1), a "one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. §2244(d)(1). The limitations period shall run from the latest of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* The court calculates the limitations period based on the date when Petitioner's conviction became final "when petitioner has exhausted, or foregone, available opportunities to pursue direct appeal." *See United States v. Clay,* 537 U.S. 522, 523 (2003). The limitations period is tolled when a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *Pace v. DiGuglielmo*, 544 U.S. 408, 410 (2005) (citing 28 U.S.C. § 2244(d)(2)). An application for post-conviction or other collateral review is not properly filed if the application is untimely under state law. *Id.* at

414. A petitioner must demonstrate either the timeliness of his petition pursuant to § 2244(d) or that the principle of equitable tolling applies in his case. Otherwise, an untimely petition must be dismissed by a federal district court.

The Magistrate Judge correctly concluded that the petition was untimely filed. The South Carolina Court of Appeals affirmed petitioner's conviction on July 18, 2012. (Dkt. No. 27-1 at 203–204) and the conviction became final fifteen days later on August 2, 2012. *See* Rule 221(a), SCACR; Rule 242(c), SCACR. More than one year later, on March 27, 2014, petitioner filed an untimely PCR application. (Dkt. No. 27-1 at 143–148.); *See* S.C. Code Ann. §17- 27-45(A). As the PCR application was untimely filed, it did not operate to toll the one-year statute of limitations to file a federal habeas petition pursuant to 28 U.S.C. §2244(d); *see also Baldwin v. Cartledge*, No. 8:14-CV-3726 DCN, 2015 WL 5009272, at *18 (D.S.C. Aug. 19, 2015). Petitioner had one year from August 2, 2012 to file his petition for federal habeas review. Petitioner filed his petition for federal habeas relief on October 2, 2018 nearly five years past the expiration date.

The Magistrate Judge appropriately considered whether an exception to the one-year statute of limitations period under § 2244(d)(1) applied. A petitioner may circumvent the one-year statute of limitations period if he can demonstrate it should be equitably tolled under applicable federal law. *Holland v. Florida*, 560 U.S. 631, 449 (2010). A petitioner seeking to establish that he is entitled to equitable tolling must demonstrate: (1) "that he has been pursuing his rights diligently"; and (2) "that some extraordinary circumstances stood in his way and prevented timely filing." *Id.*; *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003). The doctrine of equitable tolling is generally reserved for circumstances where "external to the party's own conduct it would be unconscionable to enforce the limitation period against the party and gross injustice would follow." *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000).

Petitioner asserts three arguments that equitable tolling of the statute of limitations is appropriate. (Dkt. No. 1-3 at 1–2.) Petitioner argues that the remittitur following his direct appeal was not issued until April 24, 2013. The Magistrate Judge ably addressed this to conclude the filing of a remittitur regarding a direct appeal is not determinative of the statute of limitations calculation for filing a federal habeas action. (Dkt. No. 36 at 18.) The Magistrate Judge also correctly concluded that petitioner's argument that he had been on lockdown since April 20, 2018 was insufficient to toll the statute of limitations. (Dkt. No. 36 at 19*.); Edens v. Eagleton*, No. 5:12-CV-3427-SB, 2014 WL 692872, at *3 (D.S.C. Feb. 21, 2014) (noting that prison conditions, such as lockdowns or misplacement of legal papers, are not grounds for equitable tolling.).

Petitioner also alleges that his counsel did not send a letter advising petitioner about the final disposition of his direct appeal until March 3, 2014. In general, an ineffective assistance of counsel claim does not warrant equitable tolling. *Harris*, 209 F.3d at 330; *Rouse*, 339 F.3d at 249. The Magistrate Judge correctly concluded that a delay in receiving information regarding the final disposition of his direct appeal is insufficient to support equitable tolling. (Dkt. No. 36 at 18); *Rouse*, 339 F.3d at 249 (stating that attorney "error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary circumstances required for equitable tolling.'"). This Court finds the Magistrate Judge correctly concluded petitioner's arguments regarding ineffective assistance of counsel or mistake of counsel are insufficient to establish equitable tolling.

In summary, the Magistrate Judge ably concluded that petitioner failed to show he has been pursuing his rights diligently and that some extraordinary circumstances stood in his way to prevent timely filing of his federal petition. As such, the Court adopts the R & R that petitioner is

not entitled to equitable tolling and his petition is time-barred. For these reasons, Respondent's motion for summary judgment is granted. (Dkt. No. 28.)

## IV. <u>Certificate of Appealability</u>

The governing law provides:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253; *see also* Rule 1(b) Governing Section 2254 Cases in the United States District Courts. ("The district court may apply any or all of these rules to a habeas corpus petition not covered by [28 U.S.C. § 2254].") A prisoner satisfies the standard by demonstrating that reasonable jurists would find the Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). Here, the legal standard for the issuance of a certificate of appealability has not been met because a reasonable jurist would not find it debatable that Petitioner's writ of habeas corpus was untimely filed pursuant to 28 U.S.C. 2244(d). Therefore, a Certificate of Appealability is denied.

## V. <u>Conclusion</u>

For the foregoing reasons, the R & R of the Magistrate Judge (Dkt. No. 36) is **ADOPTED** as the Order of the Court. Respondent's Motion for Summary Judgment is **GRANTED**. (Dkt. No. 28.) Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Dkt. No. 1) is **DISMISSED** without prejudice.

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

August 15, 2019
Charleston, South Carolina